UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IN RE GENETICALLY MODIFIED ) | 4:06MD1811 CDP |
| RICE LITIGATION              ) | |

<u>This order applies to:</u>

| | |
|---|---|
| Case No. 4:08CV1254 CDP | Case No. 4:08CV1255 CDP |
| Case No. 4:08CV1256 CDP | Case No. 4:08CV1257 CDP |
| Case No. 4:08CV1258 CDP | Case No. 4:08CV1259 CDP |
| Case No. 4:08CV1260 CDP | Case No. 4:08CV1261 CDP |
| Case No. 4:08CV1262 CDP | Case No. 4:08CV1263 CDP |
| Case No. 4:08CV1265 CDP | Case No. 4:08CV1266 CDP |
| Case No. 4:08CV1267 CDP | Case No. 4:08CV1268 CDP |
| Case No. 4:08CV1269 CDP | Case No. 4:08CV1270 CDP |
| Case No. 4:08CV1271 CDP | Case No. 4:08CV1272 CDP |
| Case No. 4:08CV1273 CDP | Case No. 4:08CV1274 CDP |
| Case No. 4:08CV1275 CDP | Case No. 4:08CV1276 CDP |
| Case No. 4:08CV1277 CDP | Case No. 4:08CV1278 CDP |
| Case No. 4:08CV1279 CDP | Case No. 4:08CV1280 CDP |
| Case No. 4:08CV1281 CDP | Case No. 4:08CV1283 CDP |
| Case No. 4:08CV1284 CDP | Case No. 4:08CV1285 CDP |
| Case No. 4:08CV1286 CDP | Case No. 4:08CV1287 CDP |
| Case No. 4:08CV1541 CDP | Case No. 4:08CV1542 CDP |

## **MEMORANDUM AND ORDER**

Plaintiffs in the 34 cases listed above have filed identical motions to remand to Texas state court. The cases are part of a multi-district litigation proceeding that comprises more than 200 cases from five states. Although complete diversity is lacking on the face of the complaints – because plaintiffs are Texas citizens as are a group of defendants – defendants removed the cases to federal court,

claiming that the Texas defendants were fraudulently joined to defeat diversity jurisdiction. I agree that there is no reasonable basis in fact and law to hold the Texas defendants liable, and so I will deny the motions to remand. In my discretion, I choose not to impose sanctions, as requested by the Texas defendants.

**Background**

The following facts are from plaintiffs' complaints, and I will accept them as true for purposes of this motion. Plaintiffs are rice farmers, and are all Texas citizens. The Bayer defendants are corporate entities affiliated with or owned directly or indirectly by Bayer AG, a German corporation, and are all citizens of states other than Texas.[1] The Garrett defendants are Jacko Garrett, a Texas citizen, and various entities owned by him, all Texas citizens.[2] Bayer is involved in the development and testing of genetically-modified rice, and Garrett sells seed rice to rice farmers.

These cases are based on Bayer's development of multiple varieties (known as "events") of genetically modified rice. The three varieties at issue in these

---

[1] In their petition, plaintiffs name Bayer AG, Bayer CropScience AG, Bayer BioScience NV, Bayer CropScience USA LP, Bayer CropScience LLC, Bayer CropScience, Inc., Bayer CropScience Holding, Inc., and Bayer Corporation. They will be collectively referred to as "Bayer" or "Bayer defendants."

[2] Plaintiffs name in their petition, in addition to Jacko Garrett individually, Garrett Seed Rice, LTD., Garrett AG Maintenance, LTD., Garrett AG Equipment, LTD., and Garrett AG Interests, LLC. They will be collectively referred to as "Garrett" or "Garrett defendants."

cases are "Liberty Link" events LL601, LL604, and LL62. LL601 and LL604 were considered "experimental events" when the Texas growers planted their rice crops in the spring of 2006, and neither event had been approved for human consumption at that time. In August of 2006, LL601 was revealed to have contaminated the United States long-grain rice supply, and the price of rice dropped dramatically. In February 2007, LL604 was discovered in the U.S. rice supply. LL62, however, was not an experimental event at that time: it had been approved for human consumption by the United States Department of Agriculture.

Contamination by LL601 and LL604 affected two types of rice seed varieties that were popular with Texas rice farmers: Clearfield 131 and Cheniere. Cheniere, particularly a 2003 seed tested and produced at Louisiana State University (LSU), was found to have been contaminated by LL601. Clearfield 131 was found to have been contaminated by LL604. Plaintiffs allege that because of the contamination, and because Clearfield 131 and Cheniere were widely used by Texas farmers, they were left scrambling for substitute rice seed for the 2007 season.

Plaintiffs have asserted state-law claims against Garrett for negligence, fraud, fraud by nondisclosure, gross negligence, trespass, and conversion. All counts allege four common facts: (1) Garrett worked with Bayer to test, plant, and

harvest genetically modified rice, including LL601, on Garrett's property; (2) Garrett knew he was planting genetically modified rice; (3) as a result of the way Garrett handled the genetically modified rice, Garrett's seed rice or neighboring seed rice became contaminated; and (4) Garrett's seed rice or neighboring seed rice contaminated plaintiffs' own rice crops. Plaintiffs allege that Garrett conducted field trials of LL601 in conjunction with Bayer. The goal of this alleged endeavor, according to plaintiffs, was to develop (and sell to rice farmers) a genetically modified variety of rice (containing the LL601 event) along with a herbicide designed to work with that variety of rice. Garrett and Bayer allegedly conducted field trials, and "harvested an entire crop of genetically modified rice that Garrett was planning on selling as seed rice to farmers and seed companies in the event that LL601 was approved for human consumption." (Compl. ¶ 25).

Plaintiffs allege that Garrett had a duty to inform farmers that he was growing this genetically modified rice on his property and that his marketed seed rice "could be, and probably was infected with the unapproved genetically modified rice."(Compl. ¶ 25). Plaintiffs allege that Garrett did not keep proper safe zones between the properties, and did not take proper precautions to prevent contamination. As a result, they allege, the seed rice that Garrett sold to plaintiffs and to seed companies (who then, in turn, sold to plaintiffs) was contaminated by

unapproved genetically modified rice.

Plaintiffs are specifically alleging damages caused by LL601 contamination. In their "Damages" sections of the complaints, plaintiffs allege that they were damaged because their crops were contaminated by LL601:

> 54. The acts and omissions described above which caused the contamination of the Texas rice supply with LL601 detrimentally affected the ability of Plaintiffs to sell their rice. The contamination of the U.S. rice supply with LL601 has caused the loss of certain markets within the United States and certain export markets for American and Texas rice.

Plaintiffs did not allege that they were harmed by either LL604 or LL62.

In removing the cases and in responding to the motions to remand, defendants have shown that there is no factual basis for the allegation that Garrett ever tested or grew LL601.[3] In other words, the central allegation of the complaint cannot be proven, because it is not true. Additionally, none of the plaintiffs have any evidence that they ever purchased rice seed from Garrett, so their first essential claim of how they were injured cannot be proven. Finally, most of the plaintiffs do not have any evidence that they planted Cheniere or Clearfield 131, which are the two varieties of rice that have been shown to contain traces of genetically modified rice.

---

[3] Unless he did so inadvertently, if his rice was contaminated – without his knowledge – the same as the plaintiffs' rice might have been.

Plaintiffs respond by saying that their complaints can be read broadly enough to claim that their damages arise from Garrett's handling of LL62 – which Garrett admittedly tested and grew – or LL604, traces of which were found in Garrett's rice seed. Plaintiffs also argue that they can recover if Garrett unknowingly sold rice seed contaminated by LL601 or LL604, because his alleged relationship with Bayer should have put him on notice of the dangers of testing genetically modified rice. They also think that further discovery might lead them to evidence that might lead one to suspect that Garrett and Bayer are lying when they deny that Garrett grew LL601. I am not persuaded by these arguments.[4]

## **Discussion**

Federal courts are courts of limited jurisdiction. *Myers v. Richland County*, 429 F.3d 740, 745 (8th Cir. 2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). As such, federal courts are authorized to hear cases only as provided by the Constitution and by statute. A party seeking to remove a case to federal court has the burden of establishing federal subject-matter jurisdiction. *In re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

---

[4]Plaintiffs also argue that I should apply the "common defense rule" and grant remand in this case. Courts in this circuit have never applied that rule, and I decline to do so here.

Under the doctrine of fraudulent joinder, a court may disregard the citizenship of a non-diverse defendant who was frivolously joined in an effort to defeat removal. *Commercial Sav. Bank v. Commercial Fed. Bank*, 939 F. Supp. 674, 680 (N.D. Iowa 1996). "Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (citations omitted). Put another way, "if there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (emphasis in original). A proper review focuses on the reasonableness of the factual basis underlying the claims. *Menz v. New Holland N. Am., Inc.*, 440 F.3d 1002, 1004 (8th Cir. 2006)(citing *Filla*, 336 F.3d at 810). Joinder is fraudulent if the facts with respect to Garrett are "shown to be so clearly false as to demonstrate that no factual basis exists for any honest belief on the part of the plaintiff" that a cause of action exists against him. *Morris v. E.I. DuPont De Nemours*, 68 F.2d 788, 792 (8th Cir. 1934). However, if there is doubt as to the truth of the allegations, and if the question as to truth or falsity depends on witness credibility and the weight of the evidence, there is no fraudulent joinder. *Id.*

In resolving a fraudulent joinder issue, I may consider materials outside the pleadings. The crux of all claims against Garrett is that Bayer and Garrett were working together to test LL601. Plaintiffs have provided evidence which they argue establishes this relationship. Bayer and Garrett have countered those allegations with affidavits that purport to establish that no Garrett defendant ever grew, processed, planted, tested, or farmed LL601, with or without collaboration with Bayer. In ruling on these motions, it is proper for me to consider these affidavits and other evidence submitted by the parties. *Jones v. Chas. S. Lewis & Co.*, No. 4:08CV259 TCM, 2008 WL 2775705 (E.D. Mo. July 14, 2008); *See also Parnas v. Gen. Motors Corp.*, 879 F. Supp. 91 (E.D. Mo. 1995) (considering the parties' affidavits in addition to the parties' pleadings in determining the issue of fraudulent joinder); *Reeb v. Wal-Mart Stores*, 902 F. Supp. 185 (E.D. Mo. 1995) (The "most prudent method" of determining if a defendant was fraudulently joined is to consider materials outside the pleadings to see if they establish facts supporting the plaintiff's claims.); *Elliot v. Bridgestone/Firestone N. Am. Tire*, No. 4:05CV1297 CDP, 2006 U.S. Dist. LEXIS 8872 (E.D. Mo. Mar. 7, 2006) (considering affidavits and deposition testimony in ruling on a fraudulent joinder motion); *Petersen v. Rusch, Inc.*, No. 4:05CV1328 ERW, 2006 WL 83492 (E.D. Mo. Jan. 12, 2006) (looking to affidavit of non-diverse defendant to deny remand

because affidavit denied involvement and was uncontradicted by plaintiff). I will only use these materials to determine whether they establish facts supporting the claims, not whether they resolve the merits of the claims. *Jones*, 2008 WL 2775705, at *3.

Garrett and Bayer have submitted affidavits from Jacko Garrett and Kirk Johnson (a representative of Bayer) establishing that Garrett never knowingly grew LL601.[5] These affidavits go to the issue of whether plaintiffs had reasonable grounds to believe – at the time Garrett was named as a defendant – that Garrett was involved in growing and testing LL601. From these affidavits, and from plaintiffs' representations during the February 19, 2009 hearing on this motion, I find that plaintiffs had no reasonable factual basis for their allegations that Garrett grew, planted, farmed, or tested LL601, or that Garrett was in a relationship with Bayer to do so.

Instead of countering these affidavits with evidence to support their allegation that Garrett grew, planted, or tested LL601 in conjunction with Bayer, plaintiffs supplemented their pleadings with evidence intended to show other ways that their rice could have been contaminated. First, they submitted an affidavit of

---

[5]The affidavits also establish that Garrett did not knowingly grow LL604. However, Plaintiffs limited their damages to those caused by LL601 contamination, and the complaints focus on an alleged joint endeavor to test LL601.

Jacko Garrett in which Garrett acknowledges that he grew 2003 Cheniere Foundation seed obtained from LSU.  This admission does not show that Garrett knowingly grew LL601.  To the contrary, plaintiffs' own evidence shows that the 2003 Cheniere Foundation seed was only found to have been contaminated by LL601 in 2006.  There is no evidence that Garrett had any knowledge of this contamination, and I have already held in this case that rice farmers have no duty to test their rice seed for contamination under Texas law.  *See Beaumont Rice Mill v. Bayer CropScience LP, et al.*, No, 4:07CV524 CDP (E.D. Mo. Oct. 22, 2007) (order denying plaintiff's motion to remand).

Aware that I have previously ruled that there is no general duty to inspect rice for contamination, plaintiffs argue that, while Garrett may not have actually known of the LL601 contamination, he should have known because Garrett and Bayer have a rice testing and farming relationship.  At the February 19 hearing, plaintiffs presented an email from Kirk Johnson to Jacko Garrett in which Johnson names individuals who are going to be present at an "LSU Field day" and who are part of a "Liberty Rice Project Team."  In that email, Johnson tells Garrett to seek out the Liberty Rice Project manager and "bend ears on the need for Liberty Rice." This is not evidence of a testing relationship between Bayer and Garrett, nor does this establish that Garrett had any involvement with LL601.  This email does

nothing more than show that Garrett was involved with some form of Liberty Link rice on some level. Garrett has already admitted that he grew a Liberty Link event, LL62, after its deregulation by the USDA.

Plaintiffs also presented a document during the hearing that refers to the burial of six "super bags" of LL601 somewhere on Garrett's property on May 5, 2006. This document is not an affidavit, it is not signed, and it is not identified. When read in conjunction with a partial deposition transcript also supplied by plaintiffs during the hearing, the document appears to be the draft of an affidavit for Jacko Garrett written by Bayer employee Donna Mitten. In the part of the (unverified) deposition of Mitten that plaintiffs have supplied to me, Mitten makes reference to the burial of LL601 seed bags found in storage somewhere on Garrett's farm. Nowhere in plaintiffs' complaints do they allege contamination from the burial of bags of rice seed. Instead, they allege that Garrett farmed and harvested an entire crop of LL601, and then buried "nearly five million pounds of unapproved genetically modified rice" on his property. (Compl. ¶ 25). There was no factual support for this allegation when plaintiffs filed their complaints, nor is there any now.

Because Plaintiffs have no factual support for their extensive allegations that Garrett and Bayer worked together to plant, farm, and test LL601 on Garrett's

land, plaintiffs have refocused their arguments to contend that Garrett knowingly grew LL62, and may have unknowingly grown LL601 and LL604. But in their petitions, plaintiffs have not alleged any damages from LL62, which is the only genetically modified rice Garrett has knowingly grown. Further, as stated above, there is no evidence that Garrett knowingly grew LL601 and LL604, and plaintiffs rely on the alleged relationship, for which there is no factual support, to show that Garrett should have known about the dangers of genetically modified rice.

The extensive discovery that has already been conducted in these cases reveals that there is no factual support for plaintiffs' claims that they were damaged by LL601 by some fault of Garrett. Of the 159 plaintiffs in these motions to remand, only 63 claim to have grown Cheniere or Clearfield 131, the two contaminated varieties of rice even arguably linked to Garrett. In addition, no plaintiff has produced, after months of discovery, any evidence that they purchased Cheniere or Clearfield seed from Garrett in 2006. It is not good enough for plaintiffs to "have a hunch" that Garrett was somehow involved in the contamination of the Texas rice supply.

I have considered the pleadings, evidence, and arguments presented during the hearing, and I find that there is no reasonable factual basis to support the allegations against Garrett. Reasonably read, plaintiffs' complaints allege that

Garrett worked with Bayer to plant, farm, and test LL601 and other genetically modified rice on Garrett's land. They allege that the contamination of the rice supply by LL601 caused them harm. While they mentioned "other genetically modified rice" throughout their complaints, plaintiffs have not alleged, nor have they provided evidence to support, damages from LL62 or LL604. Further, plaintiffs have not provided any factual support for their allegation that Garrett knowingly grew LL601 (or LL604).

## Conclusion

Plaintiffs have not provided any reasonable factual support for their allegations against Garrett. As there is no colorable claim against the Garrett defendants, I may disregard their citizenship in determining whether diversity jurisdiction exists. Without those defendants, there is complete diversity. Removal was therefore proper, and I will deny the motions to remand.

Accordingly,

**IT IS HEREBY ORDERED** that the following motions to remand are denied: #807 (#5 in 4:08CV1268); #808 (#5 in 4:08CV1281); #809 (#5 in 4:08CV1280); #810 (#5 in 4:08CV1257); #811 (#5 in 4:08CV1274); #812 (#6 in 4:08CV1265); #813 (#5 in 4:08CV1278); #814 (#5 in 4:08CV1267); #815 (#5 in 4:08CV1277); #816 (#5 in 4:08CV1255); #817 (#5 in 4:08CV1276); #818 (#5 in

4:08CV1273); #819 (#5 in 4:08CV1283); #820 (#5 in 4:08CV1287); #821 (#5 in 4:08CV1285); #822 (#5 in 4:08CV1286); #823 (#5 in 4:08CV1284); #824 (#5 in 4:08CV1272); #825 (#5 in 4:08CV1256); #826 (#5 in 4:08CV1261); #827(#5 in 4:08CV1263); #828 (#5 in 4:08CV1260); #829 (#5 in 4:08CV1275); #830 (#5 in 4:08CV1271); #831 (#5 in 4:08CV1258); #832 (#5 in 4:08CV1270); #833 (#5 in 4:08CV1269); #834 (#5 in 4:08CV1266); #835 (#5 in 4:08CV1259); #836 (#5 in 4:08CV1279); #837 (#5 in 4:08CV1262); #838 (#5 in 4:08CV1254), #907 (#6 in 4:08CV1542); and #908 (#6 in 4:08CV1541).

**IT IS FURTHER ORDERED** that the Garrett defendants' motion for sanctions [#898 (#7 in 4:08CV1254; #7 in 4:08CV1255; #7 in 4:08CV1256; #7 in 4:08CV1257; #7 in 4:08CV1258; #7 in 4:08CV1259; #7 in 4:08CV1260; #7 in 4:08CV1261; #7 in 4:08CV1262; #7 in 4:08CV1263; #8 in 4:08CV1265; #7 in 4:08CV1266; #7 in 4:08CV1267; #7 in 4:08CV1268; #7 in 4:08CV1269; #7 in 4:08CV1270; #7 in 4:08CV1271; #7 in 4:08CV1272; #7 in 4:08CV1273; #7 in 4:08CV1274; #7 in 4:08CV1275; #7 in 4:08CV1276; #7 in 4:08CV1277; #7 in 4:08CV1278; #7 in 4:08CV1279; #7 in 4:08CV1280; #7 in 4:08CV1281; #7 in 4:08CV1283; #7 in 4:08CV1284; #7 in 4:08CV1285; #7 in 4:08CV1286; #7 in 4:08CV1287; #5 in 4:08CV1541; and #5 in 4:08CV1542] is denied.

**IT IS FURTHER ORDERED** that the Garrett defendants' motion for

contempt [#4 in 4:08CV1265] is denied.

**IT IS FURTHER ORDERED** that Bayer's motion to file a supplemental response [#1089] and Garrett's motion and amended motion to join in filing a supplemental response [#1091, #1093] are granted.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to amend their brief [#1101] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2009.